| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 8, 2020** | : | **SUPERIOR COURT** |
| **QUADREE D. ROLLINS** | : | **NEW BRITAIN J.D.** |
| **v.** | : | **AT NEW BRITAIN** |
| **PETER DAUPHINAIS, ET AL.** | : | **JULY 11, 2020** |

## COMPLAINT

### COUNT ONE – FALSE ARREST AS TO DEFENDANT PETER DAUPHINAIS

1. The plaintiff is a resident of the state of Connecticut.

2. The defendant, Peter Dauphinais, was at all times relevant to this action a sworn member of the Bristol, Connecticut Police Department with the rank of Detective and is hereafter referred to as defendant Dauphinais.

3. The defendant, City of Bristol, Connecticut, is a political subdivision of and an incorporated governmental entity within the State of Connecticut and has an organized Police Department under the laws of the State of Connecticut and at all relevant times, employed defendant, Peter Dauphinais, and is hereafter referred to as defendant city.

4. On July 11, 2017, plaintiff was arrested and charged with several felony crimes, including Attempted Murder, based upon an arrest warrant prepared by defendant Dauphinais, which warrant application alleged that there was probable cause to arrest plaintiff for such charges based upon defendant Dauphinais' investigation of a crime that occurred in Bristol, Connecticut on July 11, 2016, which involved the shooting of one, Vanessa Vasquez, which is hereafter referred to as the subject crime and who is hereafter referred to as the victim.

True and Attested:

Alixes Rosado
CT State Marshal/Indifferent Person
Hartford County

5. Defendant Dauphinais, had a duty to conduct a competent and thorough investigation of the subject crime and determine the validity of the accusation and evidence against plaintiff before swearing out an arrest warrant application for plaintiff.

6. Defendant Dauphinais was at all relevant times acting in his official capacity as a sworn member of the Bristol, Connecticut Police Department and performing his duties under the color of state law when he investigated the subject crime and sought plaintiff's arrest for that crime.

7. Defendant, Peter Dauphinais', investigation of the aforesaid crime was incompetent, incomplete, and negligent in that he failed to review all of the evidence gathered by other officers of the Bristol Police Department, which evidence did not implicate plaintiff but instead specifically named and implicated other persons in the subject crime.

8. Defendant Dauphinais' investigation of the subject crime failed to include any review or consideration of the body camera footage of Bristol Police Officer Daniel Dwyer who accompanied the shooting victim in the ambulance to the St. Francis Hospital for treatment of her several gunshot wounds in which she repeatedly and positively identified another person as the person who had just shot her and described how she knew that person and stated that she could not identify that person's two purported accomplices.

9. Defendant Dauphinais' investigation of the subject crime failed to include any review or consideration of the additional body camera footage of several other Bristol

2

Police officers who were present at the scene of the subject crime immediately after it occurred and who spoke to witnesses, several of whom provided information about the identity of the person or persons who committed the subject crime and that plaintiff was not identified or mentioned by any such witnesses.

10. Defendant Dauphinais failed to question or evaluate the victim's identification of plaintiff on April 27, 2017, when she encountered him in a public place in Bristol, CT, and did not present the victim with her prior positive identification of at least one other person as the person who shot her.

11. Defendant Dauphinais failed to communicate in any way with plaintiff between April 27, 2017 and his arrest on July 11, 2017, regarding the victim's accusation that plaintiff was the person who shot her.

12. Defendant Dauphinais submitted an arrest warrant application on or about June 8, 2017, to the Office of the State's Attorney for the New Britain Judicial District and to the Judges of the Superior Court there for plaintiff's arrest for the subject crime which application was based on his incomplete investigation and was inaccurate, misleading and contained information that was untrue and which did not provide a sufficient and valid legal basis to find that there was probable cause to accuse and arrest plaintiff for the subject crime.

13. The arrest warrant application submitted by defendant Dauphinais failed to provide the State's Attorney and the Court with the complete, accurate result of all of the investigations of the subject crime by the Bristol Police Department and all of its officers

which included substantial information that was contrary to the allegations against plaintiff and was exculpatory of him.

14. Plaintiff's arrest for the subject crime was wrongful because there was no legitimate probable cause to justify his arrest and it violated his constitutional rights under the Constitution of the United States and the state of Connecticut and resulted in his wrongful incarceration for a period of more than fourteen months with the attendant deprivation of his liberty and loss of enjoyment of his normal life's activities and substantial economic loss by his inability to carry out his normal occupation and his need to pay for legal services to defend himself against such false charges at a trial.

15. Plaintiff was acquitted on or about October 1, 2018, of all the charges brought against him in defendant Dauphinais' incomplete and inaccurate arrest warrant.

COUNT TWO – <u>RESPONDEAT SUPERIOR AS TO THE CITY OF BRISTOL, CONNECTICUT</u>

1. Paragraphs 1 through 15, inclusive, of the First Count are hereby incorporated by reference and made Paragraphs 1 through 15, inclusive of this the Second Count.

16. Defendant city had a duty to and did provide police services within the political boundaries of Bristol, Connecticut through the organized Bristol Police Department.

17. Defendant city had a duty to train and supervise all members of the Bristol Police Department in order to assure that all members conformed their conduct to the laws of the United States and the State of Connecticut and abided by all of the approved policies of the said department.

18. At all times relevant herein, defendant Dauphinais, was employed by the defendant city and was acting within the scope of his employment with the Bristol Police Department and in furtherance of the defendant city's provision of police services.

19. Defendant city is liable under the doctrine of respondeat superior for the acts and omissions of defendant Dauphinais in that it also failed to properly train and supervise him so that his criminal investigations were complete and considered and included all available evidence and information.

20. As a direct result of the failure of defendant city to adequately train and supervise defendant Dauphinais, plaintiff was wrongly arrested and charged with serious felony crimes and incarcerated for over fourteen months until his acquittal of all charges on or about October 1, 2018 and suffered considerable deprivations and damages.

Wherefore, plaintiff claims damages as stated in the attached Claim for Relief.

Hereof, fail not, but of this Writ, with your doings thereon, make due service and return according to the law.

Dated at Manchester, Connecticut on this the 11th day of July 2020.

The Plaintiff,
Quadree D. Rollins

By _____
John F. O'Brien, His Attorney
411 Center Street
Manchester, CT 06040-3925
860-649-1010
860-432-7371 fax
attyjohnfobrien@gmail.com
Juris No. 411138

True and Attested:

Alixis Rosado
CT State Marshal / Indifferent Person
Hartford County

5

| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 8, 2020** | : | **SUPERIOR COURT** |
| **QUADREE D. ROLLINS** | : | **NEW BRITAIN J.D.** |
| **v.** | : | **AT NEW BRITAIN** |
| **PETER DAUPHINAIS, ET AL.** | : | **JULY 11, 2020** |

<u>CLAIM FOR RELIEF</u>

The Plaintiff in the above captioned matter hereby claims:

1. Money damages which are in excess of $15,000.00, exclusive of interests and costs; and,

2. Such additional legal or equitable relief as the Court may deem just.

The Plaintiff,<br>
Quadree D. Rollins<br><br>
By _____<br>
John F. O'Brien, His Attorney<br>
411 Center Street<br>
Manchester, CT 06040-3925<br>
860-649-1010<br>
860-432-7371 fax<br>
attyjohnfobrien@gmail.com<br>
Juris No. 411138

True and Attested:

_____
Alixes Rosado
CT State Marshal/Indifferent Person
Hartford County